# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Caterpillar Financial Services Corp., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Fast Energy Services LLC, Chad Johnson, | ) |
| Defendants. | ) Case No.: 1:17-cv-192 |

The Plaintiff, Caterpillar Financial Services Corp. ("Caterpillar"), initiated this action on September 18, 2017. (Doc. No. 1). Caterpillar served Defendant Fast Energy Services LLC with a copy of the summons and complaint on September 29, 2017. (Doc. No. 5). Caterpillar also served Defendant Chad Johnson with a copy of the summons and complaint on September 29, 2017. (Doc. No. 6). Under Fed. R. Civ. P. 12(a), (b), the Defendants had twenty-one days from the date of services to file an answer or otherwise respond. To date, neither Defendant has answered or otherwise responded, and their time for doing so has lapsed. Caterpillar filed a motion for default judgment against both Defendants on January 24, 2018. (Doc. No. 7).

Rule 55 of the Federal Rules of Civil Procedure establishes "the basic procedure to be followed when there is a default in the course of litigation." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (original citation omitted). When a party fails to defend against an action, Rule 55 provides a two-step process for the entry of judgment against that party. First, the party may move for entry of default, which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff," but does not admit damages. Id.; see Fed. R. Civ. P. 55(a). Next, the party may seek entry of default judgment

that "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." Id.; see Fed. R. Civ. P. 55(b). Accordingly, entry of default is a pre-requisite to entry of default judgment.

The Eighth Circuit Court of Appeals has noted a plaintiff "was wrong to move for a default judgment" when an entry of default was not secured first. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). The record reveals that the Caterpillar's motion for default judgment is premature. No entry of default has been entered against either Defendant. As a result, the Court finds Caterpillar is not entitled to default judgment. If Caterpillar wishes to seek default judgment from the Court, it must follow the procedure outlined in Rule 55 of the Federal Rules of Civil Procedure, i.e., first move for the entry of default and have the clerk enter the party's default per Rule 55(a). Thereafter, it can move for default judgment in accordance with Rule 55(b). The law in the Eighth Circuit is clear, and the undersigned has seen default judgments set aside due to the failure to fully comply with the two-step process required under Rule 55.

On the foregoing, the court **DENIES** the Motion for Default Judgment (Doc. No. 7).

**IT IS SO ORDERED.**

Dated this 25th day of January, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court